**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HONIX PEREZ, | : |
| Plaintiff, | : Civil Action No. 17-4078 (SRC) |
| v. | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Honix Perez ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 1, 2006. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on October 12, 2016, and the ALJ issued an unfavorable decision on February 8, 2017, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of February 8, 2017, the ALJ made the following findings. The ALJ

found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations, including a limitation to simple, repetitive jobs which require only occasional change in work setting during the workday and only occasional contact with supervisors and the public. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the decision should be reversed on two grounds: 1) the ALJ's step four residual functional capacity determination is not supported by substantial evidence; and 2) at step five, the ALJ erred in constructing the hypothetical presented to the vocational expert.

Plaintiff begins by discussing a prior decision by the Commissioner, but acknowledges that the first decision is not the subject of the present review, which concerns a more recent decision.

Plaintiff next challenges the decision under review by pointing to medical evidence regarding Plaintiff's use of a cane which, Plaintiff contends, was omitted from the ALJ's decision. Plaintiff argues:

> There is no medical doubt, no factual doubt that plaintiff needs a cane for support in order to walk and stand. These realities however interfere with "light work" and therefore were utterly ignored in the decision. But in order to ignore the reality of plaintiff's inability to remain on her feet without using a cane for support, the ALJ had to eliminate this determinative factor from her questioning of the vocational expert (VE).

2

(Pl.'s Br. 19.) In opposition, the Commissioner makes a number of points, the most significant of which is to point to the expert opinion of Plaintiff's own treating podiatrist, Dr. Auguste. In a report dated May 18, 2016, Dr. Auguste completed a functional assessment and stated that Plaintiff could sit, stand, and walk up to 6 hours per day. (Tr. 620.) This effectively rebuts the predicate for Plaintiff's argument: Plaintiff's treating physician provided expert medical opinion that Plaintiff retains the residual functional capacity to sit, stand, and walk up to 6 hours per day, which is what the ALJ determined at step four. As to Plaintiff's residual ability to sit, stand, and walk, the ALJ's determination is supported by substantial evidence. The ALJ stated that she gave Dr. Auguste's assessment substantial weight. (Tr. 434-35.)

The ALJ also supported her step four determination by pointing to the opinion of consultative expert Dr. Merlin, who examined Plaintiff and issued a report dated August 16, 2016. (Tr. 794-96.) Dr. Merlin stated: "The claimant is able to sit, stand, walk, crouch, hear, and speak." (Tr. 796.) This is also substantial evidence supporting the ALJ's determination as to Plaintiff's residual ability to sit, stand, and walk.

The law does not require the ALJ to address every piece of evidence in her decision. Rather, the Third Circuit has stated:

> Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review.

Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). This Court finds that, as to the ALJ's determination of Plaintiff's residual functional capacity to sit, stand, and walk, the ALJ satisfied the requirement of Third Circuit law that the findings include sufficient explanation to permit meaningful review. See also Pintal v. Comm'r of Soc. Sec., 602 F. App'x 84, 88 (3d Cir. 2015)

("an ALJ is not required to cite every piece of evidence in the record.")

Plaintiff also challenges the residual functional capacity determination on the ground that it fails to incorporate Plaintiff's alleged illiteracy. Plaintiff does not, however, cite evidence that she is illiterate, nor explain how this is material to the residual functional capacity determination. At step five, the ALJ considered Plaintiff's education, and stated that Plaintiff has at least a high school education and is able to communicate in English. (Tr. 436.) Plaintiff does not dispute the accuracy of that determination, and concedes that Dr. Perdomo, the psychological consultative examiner, stated that Plaintiff reported that she finished high school. (Tr. 366.) Plaintiff has not persuaded the Court of any of the following: 1) substantial evidence supports a determination at step four that Plaintiff is illiterate; 2) substantial evidence conflicts with the determination at step five that Plaintiff finished high school and communicates in English; or 3) the issue of Plaintiff's literacy is material to this disability determination.

Plaintiff has failed to show that, as to literacy, the ALJ erred or that this error prejudiced her. As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in <u>Shinseki v. Sanders</u>, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." <u>Id.</u> In such a case, "the claimant has the 'burden' of showing that an error was harmful." <u>Id.</u> at 410. This Court is not persuaded that the ALJ made an error, much less a material error, as to Plaintiff's literacy.

Plaintiff next challenges the adequacy of the hypothetical given to the vocational expert at step five:

> It cannot be ignored that here the ALJ's vague RFC construction limiting the plaintiff to "simple routine" and "low contact (with supervisors and general

> public) work" does not come close to adequately conveying "moderate difficulty
> in performing activities of daily living" and other "moderate difficulties" in
> concentration, persistence, keeping pace, keeping a schedule . . .

(Pl.'s Br. 33.)[1]  As Plaintiff contends, at step three, the ALJ found that Plaintiff exhibited "moderate difficulties in maintaining concentration, persistence or pace." (Tr. 432.)  As to nonexertional limitations, the ALJ presented the following hypothetical to the vocational expert: "Let's assume the person can only do work that is simple and repetitive that requires occasional change in work setting during the workday, on the occasional contact with supervisors and the general public." (Tr. 471.)

Under Third Circuit law, "the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005).  The question here, then, is whether the ALJ's restriction in the hypothetical to "work that is simple and repetitive" accurately conveys Plaintiff's "moderate difficulties in maintaining concentration, persistence or pace." (Tr. 432.)  Plaintiff argues that it does not do so and cites the Third Circuit's decision in Ramirez v. Barnhart, 372 F.3d 546, 552 (3d Cir. 2004).  In Ramirez, the ALJ had written on a PRTF[2] form that "Ramirez 'often' experienced 'deficiencies of concentration, persistence, or pace resulting in a failure to complete tasks in a timely manner (in work settings or elsewhere).'" Id. at 549.  The hypothetical presented to the expert expressed these limitations as follows: "The work should involve simple one to two step tasks." Id.

---

[1] Plaintiff's factual assertions in this quote do not accurately reflect the record. The record shows that the ALJ did not formulate the hypothetical with a restriction to "simple and routine" work, but to "simple and repetitive" work. (Tr. 471.) Contrary to Plaintiff's assertion, the ALJ did not comment on Plaintiff's ability to keep a schedule. (Tr. 432.)

[2] At that time, procedure required the ALJ to file a PRTF form with the decision.

While Ramirez is certainly relevant to the instant case, it is factually different enough to preclude any simple application. In the instant case, the ALJ's conclusions differ from those in Ramirez, and the relevant part of the hypothetical differs from that presented in Ramirez. In opposition, the Commissioner cites two more recent nonprecedential decisions, Menkes v. Astrue, 262 F. App'x 410, 412 (3d Cir. 2008) ("Having previously acknowledged that Menkes suffered moderate limitations in concentration, persistence and pace, the ALJ also accounted for these mental limitations in the hypothetical question by restricting the type of work to 'simple routine tasks'") and McDonald v. Astrue, 293 F. App'x 941, 946 (3d Cir. 2008) ("in line with her finding that McDonald only had 'moderate limitations with his ability to maintain concentration, persistence and pace,' the ALJ included in her hypothetical that the individual be limited to 'simple, routine tasks.'") In both these nonprecedential cases, the Third Circuit held that a hypothetical restriction to "simple routine tasks" adequately reflected moderate limitations of the ability to maintain concentration, persistence and pace.

The relevant facts of the instant case are closer to those in Menkes and McDonald, and fairly different from Ramirez. Where the hypothetical limitation in Menkes and McDonald was to "simple and routine" work, the hypothetical limitation in the instant case is to "simple and repetitive" work. This Court is persuaded that the limitation in the hypothetical to "work that is simple and repetitive" adequately reflects the residual functional capacity determination that Plaintiff exhibits "moderate difficulties in maintaining concentration, persistence or pace." The ALJ did not err in the formulation of the hypothetical at step five.

This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred

in her decision or that she was harmed by any errors.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                                      s/ Stanley R. Chesler
                                                                 STANLEY R. CHESLER, U.S.D.J.

Dated: January 14, 2019